UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-20750-CR-GAYLES/GOODMAN

UNITED STATES OF AMERICA

    Plaintiff,

v.

MILTON PINCHAO-PRIETO,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS ON CHANGE OF PLEA

United States District Judge Darrin P. Gayles referred to the Undersigned a change of plea hearing for the acceptance of Defendant's guilty plea. [ECF No. 150]. The Undersigned conducted a hearing and **recommends** the following to the District Court:

1. On May 1, 2024, the Undersigned convened a hearing to permit Defendant to enter a change of plea. A Spanish interpreter was present to translate for Defendant.[1]

2. Prior to starting the change of plea hearing, the Undersigned addressed an issue concerning Federal Rule of Criminal Procedure 44(c)/ *United States v. Garcia*, 517 F.2d 272 (5th Cir.1975), *abrogated in part by Flanagan v. United States*, 465 U.S. 259, 263, 104

---

[1] Co-Defendant Gerardo Ermes Rosero was also present with his counsel during the hearing and entered his guilty plea alongside Defendant. The Undersigned will issue a separate Report and Recommendation related to Defendant Rosero's change of plea hearing.

S. Ct. 1051, 1053, 79 L. Ed. 2d 288 (1984), which was raised by the parties in connection to Defendant's counsel, Joaquin Perez.

3. The Undersigned conducted a *Garcia*-based inquiry with Defendant on the record. Based on Defendant's responses, the Undersigned found that Defendant knowingly and voluntarily waived his right to have conflict-free counsel, and moved forward with the change of plea hearing.[2]

4. The Undersigned advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, the Undersigned advised Defendant that I was conducting the change of plea hearing on referral from the District Court and with the agreement of Defendant, defense counsel, and the Assistant United States Attorney assigned to this case. The Undersigned further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

5. Defendant, defense counsel, and the Assistant United States Attorney assigned to the case all agreed on the record to the Undersigned conducting the change of plea hearing.

6. The Undersigned then conducted a plea colloquy in accordance with Rule

---

[2] The Undersigned will provide the Court with a separate Report and Recommendations on the Defendant's *Garcia* hearing.

2

11 of the Federal Rules of Criminal Procedure.

7. There is a written plea agreement that has been entered into by the parties in this case. The Undersigned reviewed the plea agreement on the record and had Defendant acknowledge that he signed the plea agreement. The Undersigned made certain that Defendant was aware of any minimum mandatory sentences and maximum sentences that could be imposed in this case, in accordance with the plea agreement and the applicable statutes.

8. During the Undersigned's review of the plea agreement, the parties agreed on the record to remove numbered paragraph 13 from the plea agreement. Paragraph 13 relates to the parties waiving the opportunity to seek a variance or departure from the applicable Sentencing Guidelines range determined by the Court. The parties memorialized this agreement by crossing out that paragraph. Defendant, Mr. Perez, and the Assistant United States Attorney assigned to the case, at the Undersigned's instruction, proceeded to write their initials next to that paragraph, indicating their agreement to remove it. The modified plea agreement was entered into the record as Exhibit 3.

9. Defendant pled guilty to Count 1 of the two-count Indictment.[3] [ECF No. 8]. Count 1 charges Defendant with conspiracy to distribute cocaine knowing it would be

---

[3] The parties confirmed on the record during the hearing that "indictment" refers to the *superseding* indictment [ECF No. 8], rather than the original indictment [ECF No. 3].

imported into the United States, in violation of Title 21, United States Code, Sections 963 and 959. In exchange for pleading guilty to Count 1, the United States agrees to dismiss the remaining count against him.

10. Through a written factual proffer signed by Defendant, the Assistant United States Attorney assigned to the case stated a factual basis for the entry of the plea, which included all of the essential elements of the crime to which Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. Defendant acknowledged the accuracy of the factual proffer and acknowledged his guilt and knowing participation in the alleged crime.

11. The Undersigned also discussed with Defendant that an adjudication of guilt could affect his immigration status including, but not limited to, being subject to deportation or denaturalization. Defendant understood and acknowledged that his guilty plea may have an effect on his immigration or naturalization status.

12. Based upon all of the foregoing and the plea colloquy conducted by the Undersigned, the Undersigned **respectfully recommends** that the District Court find that Defendant freely and voluntarily entered a guilty plea as to Count 1 of the Indictment, and that it adjudicate Defendant guilty as to Count 1 of the Indictment.

**ACCORDINGLY**, the Undersigned **respectfully recommends** that the District Court accept Defendant's plea of guilty, adjudicate him guilty of the offense listed in Count I of the Indictment to which a plea of guilty has been entered, and conduct a

sentencing hearing for final disposition of this matter.

The parties shall have three (3) days[4] from the date of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within three (3) days of the objection. Failure to file timely objections waives a party's right to review issues related to Defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), cited in *United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (*en banc*).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on May 1, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Darrin P. Gayles
All Counsel of Record
United States Probation Office

---

[4] The Undersigned is shortening the deadline to file objections and responses to any objections from 14 days to three days because the parties have executed a plea agreement and the Undersigned does not anticipate any objections to this change of plea.

5